**Kathleen C. Bricken, OSB #94266**    ʻ06 FEB 23 17:26 RECVD USDC-ORP
kbricken@gsblaw.com
**Garvey Schubert Barer**
121 SW Morrison Street, 11th Floor
Portland, OR  97204-3141
Telephone:  (503) 228-3939
Fax:  (503) 226-0259
Attorneys for **Defendant ApplyYourself, Inc.**

FILED ʻ06 FEB 24 16:45USDC-ORP

**J. Michael Jakes**
mike.jakes@finnegan.com
**Robert F. Shaffer**
robert.shaffer@finnegan.com
**Finnegan, Henderson, Farabow, Garrett & Dunner, LLP**
901 New York Avenue, NW
Washington, DC  20005
Telephone:  (202) 408-4000
Fax:  (202) 408-4400
Counsel *pro hac vice* for **Defendant**

**Lawrence E. Carr III**
lcarr@cmgpc.com
**Raymond C. Jones**
rjones@cmgpc.com
**Carr, Morris & Graeff, P.C.**
1120 G Street, NW, Suite 930
Washington, DC  20005
Telephone:  (202) 789-1000
Fax:  (202) 628-3834
Counsel *pro hac vice* for **Defendant**

**ORIGINAL**

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,**<br>**a Delaware corporation**, | Civil Nos. 02-CV-0484-HU **(LEAD CASE)**<br>02-CV-1359-HU |
| Plaintiff,<br>v. | **APPLYYOURSELF, INC.'S ANSWER,**<br>**AFFIRMATIVE DEFENSES AND**<br>**COUNTERCLAIMS TO PLAINTIFF'S**<br>**SUPPLEMENTAL COMPLAINT** |
| **APPLYYOURSELF, INC.,**<br>**a Delaware corporation**, | |
| Defendant. | |



Defendant ApplyYourself, Inc. ("ApplyYourself") answers, admits, and denies Plaintiff CollegeNET Inc.'s ("Plaintiff") Supplemental Complaint as follows:

## ANSWER

1.      Answering paragraph 1 of Plaintiff's Supplemental Complaint, the allegations are not directed at ApplyYourself and require no response from ApplyYourself.

2.      Answering paragraph 2, ApplyYourself admits it is a Delaware corporation with its principal place of business in Fairfax, Virginia.

3.      Answering paragraph 3, the allegations call for a legal conclusion for which no answer is required. To the extent an answer may be required, ApplyYourself admits this Court has subject matter jurisdiction.

4.      Answering paragraph 4, ApplyYourself admits it asserts counterclaims against Plaintiff based on Plaintiff's wrongful conduct and admits that this Court has jurisdiction over such counterclaims.

5.      Answering paragraph 5, ApplyYourself denies Plaintiff's allegations of infringement of U.S. Patent No. 6,460,042 B1 ("the '042 patent"), the only patent Plaintiff has represented is at issue in this case. ApplyYourself admits it provides a new web-based college application system to customers in Oregon and in this judicial district. To the extent Plaintiff's allegations call for a legal conclusion, no answer is required and ApplyYourself denies the allegations.

6.      Answering paragraph 6, ApplyYourself admits this Court is proper venue for this action.

7.      Answering paragraph 7, ApplyYourself admits Plaintiff has not granted it an express license for the '042 patent. To the extent Plaintiff's allegations call for a legal conclusion, no answer is required and ApplyYourself denies the allegations.

8.      Answering paragraph 8, ApplyYourself admits it is making, using, offering for sale, and/or selling a new web-based college application system.

9.      Answering paragraph 9, ApplyYourself denies the allegations.

10.     Answering paragraph 10, ApplyYourself denies the allegations.

11.     Answering paragraph 11, ApplyYourself denies the allegations.

12.     Answering paragraph 12, ApplyYourself realleges paragraphs 1-11 above and incorporates them herein by reference.

13.     Answering paragraph 13, to the extent Plaintiff's allegations are not directed at ApplyYourself, no response is required from ApplyYourself.   ApplyYourself is without sufficient information to either confirm or deny the allegations and, therefore, denies the allegations.

14.     Answering paragraph 14, ApplyYourself admits Plaintiff has not granted it an express license for the '042 patent.  To the extent Plaintiff's other allegations call for a legal conclusion, no answer is required and ApplyYourself denies the allegations.

15.     Answering paragraph 15, ApplyYourself admits that after an October 15, 2003, judgment was entered for Plaintiff, this Court determined as a matter of law that ApplyYourself did not infringe Plaintiff's '042 patent and entered judgment of non-infringement in favor of ApplyYourself.

16.     Answering paragraph 16, ApplyYourself denies Plaintiff's allegations regarding damages, which allegations this Court determined are erroneous.

17.     Answering paragraph 17, ApplyYourself denies Plaintiff's allegations regarding damages, which allegations this Court determined are erroneous.

18.     Answering paragraph 18, ApplyYourself denies the allegations.

19.     Answering paragraph 19, ApplyYourself denies it is making, using, offering for sale, and/or selling a web-based college application system that infringes the '042 patent.

20.     Answering paragraph 20, ApplyYourself denies the allegations.

21.     Answering paragraph 21, ApplyYourself denies the allegations.

**APPLYYOURSELF, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND**
**COUNTERCLAIMS TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

22.    Answering paragraph 22, ApplyYourself realleges paragraphs 1-21 above and incorporates them herein by reference.

23.    Answering paragraph 23, ApplyYourself admits the Federal Circuit's August 2, 2005, decision in this case reinstated the jury's verdict of infringement of the '042 patent.

24.    Answering paragraph 24, ApplyYourself admits it challenged the validity of U.S. Patent No. 6,345,278 B1 ("the '278 patent") under a different claim construction than the claim construction that governs this case.  To the extent Plaintiff contends the validity of the '278 patent is relevant to the pending claim of invalidity against the '042 patent, ApplyYourself denies the allegations, which allegations are contrary to Court rulings in this case.

25.    Answering paragraph 25, ApplyYourself admits the '278 patent was not found invalid, but denies the relevance of such allegations to the pending claims.

26.    Answering paragraph 26, ApplyYourself denies the allegations.

27.    Answering paragraph 27, ApplyYourself admits that on August 2, 2005, the Federal Circuit issued its opinion holding in part that ApplyYourself's old i-Class system infringed the '042 patent.  To the extent Plaintiff's allegations call for a legal conclusion, no answer is required, and ApplyYourself denies the allegations.

28.    Answering paragraph 28, ApplyYourself admits that after learning of the Federal Circuit's decision, it acted in good faith to discontinue use of its old system, to implement a new web-based college application system, and to proceed with its good faith belief that the '042 patent is invalid.

29.    Answering paragraph 29, Plaintiff's allegations can be interpreted in more than one way and, thus, are confusing.  To the extent ApplyYourself understands the allegations, ApplyYourself denies the allegations.

30.    Answering paragraph 30, ApplyYourself denies the allegations.

///

///

**APPLYYOURSELF, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

(Non-Infringement of the '042 Patent)

31.    ApplyYourself's system has not infringed, and does not infringe, either directly or indirectly, any valid and enforceable claim of the '042 patent.

## SECOND AFFIRMATIVE DEFENSE

(Invalidity and Unenforceability of the '042 Patent)

32.    The '042 patent and all claims thereof are invalid and/or unenforceable under 35 U.S.C. §§ 102, 103, 112 and/or 37 C.F.R. §1.56.

33.    The '042 patent is also unenforceable because, as described in ¶¶ 39-42 below, Plaintiff engaged in inequitable conduct during the prosecution of the '042 patent.

34.    Except as expressly admitted above, ApplyYourself denies each and every of Plaintiff's allegations.

## COUNTERCLAIMS

35.    ApplyYourself realleges paragraphs 1-34 of this Answer, and incorporates them herein by reference.

36.    ApplyYourself seeks a declaratory judgment that the '042 patent is invalid.

37.    The '042 patent and all the claims therein are invalid under 35 U.S.C. §§ 102, 103, and 112, if construed to cover ApplyYourself's new web-based college application system.

38.    An actual controversy exists between Plaintiff and ApplyYourself with respect to the validity of the '042 patent because ApplyYourself alleges that the '042 patent is invalid, while Plaintiff alleges the claims of the '042 patent are valid.

39.    ApplyYourself seeks a declaratory judgment of unenforceability of the '042 patent. An actual controversy exists between Plaintiff and ApplyYourself with respect to the enforceability of the '042 patent. As set forth below, ApplyYourself asserts that the '042 patent is unenforceable, while Plaintiff alleges that the '042 patent is enforceable.

40.    Patent applicants are required to prosecute patent applications in the United States Patent and Trademark Office ("PTO") with candor, good faith, and honesty. Each individual associated with the filing or prosecution of a patent application has a specific duty of candor and good faith in dealing with the PTO. The duty of candor and good faith includes a duty to disclose to the Patent Office all information known which is material to the patentability of the claimed invention.

41.    Inequitable conduct consists of an affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false or misleading material information, coupled with an intent to deceive. Plaintiff, through its employees and/or agents, including James Wolfston, Michael O. Scheinberg, and/or other individuals substantively involved with the filing and prosecution of the patent application that matured into the '042 patent (collectively, "Applicant"), engaged in inequitable conduct in procuring the '042 patent, violating the duty of candor and good faith in dealing with the PTO.

42.    Upon information and belief, Applicant made either material misstatements or knowing omissions to the PTO with an intent to deceive, in relation to, for example, Applicant's knowledge of XAP Corporation's on-line college admission application technology and its commercial use in 1996 and 1997.

43.    ApplyYourself realleges paragraphs 1-42.

44.    ApplyYourself seeks a declaratory judgment of anticompetitive conduct, which constitutes a monopolization in violation of Section 2 of the Sherman Act 15 U.S.C. § 2 by asserting claims of the '042 patent it knows to be invalid.

45.    As a direct and proximate result of CollegeNET's conduct, competition in the United States has suffered and/or will suffer because CollegeNET held the power to exclude competitors, reduce output, charge monopoly prices, reap monopoly profits and otherwise compromise the competitive process in the relevant market.

46.    Upon information and belief, the PTO is currently re-examining claims of the '042 patent and the PTO has rejected all claims of Plaintiff's '042 patent. Plaintiff had knowledge of the PTO's rejection of the '042 claims when Plaintiff filed its Supplemental Complaint against ApplyYourself. Plaintiff's claims are baseless and are an attempt to wrongfully interfere with the business of a competitor through the improper use of the governmental process and to improperly monopolize the relevant market.

47.    On information and belief, Plaintiff filed its Supplemental Complaint without regard to its lack of merit with respect to some or all claims of the '042 patent and without a good faith belief that ApplyYourself's new web-based application system would infringe any valid and enforceable claim of the '042 patent. Therefore, Plaintiff's patent suit against ApplyYourself is a sham.

## ADDITIONAL AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

48.    ApplyYourself uses a product that does not infringe and has never been determined to infringe the '042 patent. Consistent with and in reliance on this Court's discussions and February 17, 2006, Order, ApplyYourself reserves the right to seek additional time and opportunity to pursue discovery, theories, defenses and counterclaims that may arise in the event Plaintiff in fact pursues a new claim of infringement against ApplyYourself in this case, regardless of whether Plaintiff properly labels or admits it is a new claim.

WHEREFORE, having fully answered Plaintiff's Supplemental Complaint, ApplyYourself demands judgment as follows:

(a)    Dismissing with prejudice all Plaintiff's claims and entering judgment in favor of ApplyYourself;

(b)    Declaring the '042 patent and each and every claim of the patent invalid and unenforceable;

(c)     Permanently enjoining Plaintiff, its officers, agents and employees, attorneys and/or persons in active concert or participation with them, from suing or threatening to sue, or making any charge against ApplyYourself or its customers, concerning the '042 patent;

(d)     Awarding damages, including reasonable attorney fees and costs to ApplyYourself; and

(e)     Awarding such other and further relief as the Court deems just and proper.

Dated: February 23, 2006                     Respectfully submitted,

GARVEY SCHUBERT BARER

By:
     Kathleen C. Bricken, OSB #94266
     121 SW Morrison Street, 11th Floor
     Portland, OR  97204-3141
     (503) 228-3939
     Counsel for Defendant

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By:_____
     J. Michael Jakes
     Robert F. Shaffer
     901 New York Avenue, NW
     Washington, DC  20005
     (202) 408-4000
     Counsel *pro hac vice* for Defendant

CARR, MORRIS & GRAEFF, P.C.

By:_____
     Raymond C. Jones
     1120 G Street, NW, Suite 930
     Washington, DC  20005
     (202) 628-2990
     Counsel *pro hac vice* for Defendant

**APPLYYOURSELF, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 23, 2006, a true copy of the foregoing

**APPLYYOURSELF, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND**

**COUNTERCLAIMS TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT** was served by

electronic mail to:

> Scott Davis
> Stephen J. Joncus
> John D. Vandenberg
> Michael Zachary
> Klarquist Sparkman, LLP
> One World Trade Center
> 121 SW Salmon Street, Suite 1600
> Portland, OR 97204

Kathleen C. Bricken, OSB #94266

PDX_DOCS:369319.3 [34610-00100]