**Kathleen C. Bricken, OSB #942660**
kbricken@gsblaw.com
**Garvey Schubert Barer**
121 SW Morrison Street, 11th Floor
Portland, Oregon  97204-3141
Telephone:  (503) 228-3939
Facsimile:  (503) 226-0259
Attorneys for **Defendant ApplyYourself, Inc.**

**J. Michael Jakes**
mike.jakes@finnegan.com
**Robert F. Shaffer**
robert.shaffer@finnegan.com
**Finnegan, Henderson, Farabow, Garrett & Dunner, LLP**
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone:  (202) 408-4000
Facsimile:  (202) 408-4400
Counsel *pro hac vice* for **Defendant ApplyYourself, Inc.**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,**<br>**a Delaware corporation**,<br><br>Plaintiff,<br><br>v.<br><br>**APPLYYOURSELF, INC.,**<br>**a Delaware corporation**,<br><br>Defendant. | Civil Nos. 02-CV-0484-HU (**LEAD CASE**)<br>02-CV-1359-HU<br><br><br>**APPLYYOURSELF'S**<br>**OPPOSITION TO COLLEGENET'S**<br>**MOTION TO RECONSIDER**<br>**COLLATERAL ESTOPPEL RULING** |

**I.    INTRODUCTION**

CollegeNET, Inc.'s ("CollegeNET") Motion for Reconsideration fails to introduce "new evidence" relevant to collateral estoppel.  Instead, CollegeNET either reargues issues and authority that the Court already considered and decided in its October 28, 2008, Order granting

ApplyYourself, Inc.'s ("ApplyYourself") Motion for Summary Judgment of Invalidity Based on Collateral Estoppel ("Order") (D.I. 697), or attempts to introduce testimony on entirely different issues, namely, whether CollegeNET had committed inequitable conduct before the United States Patent and Trademark Office ("PTO").

CollegeNET presents nothing to justify reconsideration under the narrow bases of controlling authority. Indeed, CollegeNET fails to identify any new evidence on invalidity issues already decided by an Oregon jury in the *CollegeNET v. XAP* ("*XAP*") case, or on controlling authority on collateral estoppel, which were unavailable at the time of its original opposition. Thus, CollegeNET's Motion is an improper attempt to reargue issues already decided by the Court, and it should be denied in its entirety.

## II.    LEGAL STANDARD FOR SEEKING RECONSIDERATION

Tellingly, CollegeNET does not state under which Federal Rule its request for relief is based. Federal Rule of Civil Procedure 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Absent extraordinary circumstances, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In support of a motion for reconsideration based on new evidence, "the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *See All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 649 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988); *see also School Dist.*, 5 F.3d at 1263 (materials are not "newly discovered evidence" warranting reconsideration

when those materials are available at the time of filing an opposition to a summary judgment motion).  Moreover, the Ninth Circuit has held that newly discovered evidence must be "of such magnitude that production of it earlier would likely have changed the outcome of the case."  *See Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001) (citation omitted).

In addition, reconsideration is not the vehicle for raising previously available arguments or rehashing arguments already presented to the Court.  A Rule 59(e) motion "may not be used to raise arguments . . . when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945.  Likewise, to the extent that a party merely "reiterate[s] arguments made in opposition to the summary judgment motion, the motion to alter or amend [has] no valid legal basis . . . , [while] the failure to raise the issues in opposition to summary judgment operates as a waiver."  *See All Haw.*, 116 F.R.D. at 649.

### III.   COLLEGENET FAILS TO IDENTIFY FACT OR LAW JUSTIFYING RECONSIDERATION

CollegeNET has failed to provide evidence as outlined in Rule 59(e) such that the Court should reverse its summary judgment finding.

#### A.   CollegeNET's "New Evidence" Is Not New

CollegeNET's alleged new evidence falls into two categories:  (1) *dicta* from the *XAP* inequitable conduct trial, and (2) the reexamination certificate of U.S. Patent No. 6,460,042 ("the '042 patent").  Either this new evidence is not new as to the issues decided on summary judgment, or it has already been considered—and dismissed—by this Court.

First, CollegeNET reproduces four paragraphs from Judge Brown's verdict in the *XAP* inequitable conduct trial.  (Mem. in Supp. of Pl.'s Mot. (D.I. 701) at 2-3 ("Pl.'s Mem.")). CollegeNET asserts that Judge Brown's findings are "new evidence" about the scope and content of the prior art in *XAP*.  (*Id.* at 12).  This argument, however, is incorrect.

The testimony elicited at the inequitable conduct trial, and the Court's conclusions based on that testimony, determined that the applicants of the '042 patent did not fail to meet the duty

of candor requirements before the PTO. While the Court's inquiry may have considered prior art that the *XAP* jury also considered in invalidating the '042 patent claims, invalidity and inequitable conduct questions do not involve common issues. *See Agfa Corp. v. Creo Prods., Inc.*, 451 F.3d 1366, 1372 (Fed. Cir. 2006) (finding that although inequitable conduct and invalidity issues may overlap to some degree, they do not involve a common issue). Moreover, to the extent that CollegeNET argues that the factual findings of the Court in *XAP* are inconsistent with the *XAP* jury's findings, that position has no merit. *See Therma-Tru Corp. v. Peachtree Doors Inc.*, 44 F.3d 988, 994-96 (Fed. Cir. 1995) ("[W]here claims at law and equity are joined and the legal claims are tried separately by a jury, the jury's verdict operates as a finding of fact binding on the trial court in its determination of the equitable claims." (citation omitted)). Thus, Judge Brown's observations about the experts' testimony on the materiality of the prior art are not "outcome changing" to the issue of invalidity—much less collateral estoppel—and, thus, are immaterial to this Court's decision on summary judgment. *Far Out Prods.*, 247 F.3d at 986.

Moreover, the *XAP* jury could neither have been privy to the testimony during the inequitable conduct trial nor to later observations by the court. On the contrary, the *XAP* jury determined that the '042 patent claims were obvious based on evidence that was presented in the invalidity phase of the *XAP* trial, an issue that was fully and fairly litigated by CollegeNET. It is that decision which this Court determined has preclusive effect, and CollegeNET's "new evidence" could not have affected the court's final judgment of invalidity based on the *XAP* jury's determination on the scope and content of the prior art. (Order at 6-13).

Second, CollegeNET discusses once again the purported impact of reexamination of the '042 patent. (Pl.'s Mem. at 4). That issue, however, is not only a red herring, but was considered and decided by the Court on summary judgment. (Order at 16). Thus, CollegeNET has failed to provide any "new evidence" on reconsideration.

### B. CollegeNET Fails to Illustrate Manifest Injustice

CollegeNET's Motion boils down to a simple disagreement with the Court's summary judgment determination. That, however, is a far cry from demonstrating "manifest injustice." While CollegeNET must demonstrate more, its argument comes up empty.

For example, CollegeNET asserts that the Court's opinion was based on faulty assumptions about obviousness law. (Pl.'s Mem. at 19-20). The Court, however, did not engage in an "obviousness" analysis. (Order at 30-36). Rather—and properly—the Court compared the invalid claims of the '042 patent to the unadjudicated claims to determine if the unadjudicated claims "raised any new factual issues, reserved for the factfinder, as to whether the claimed combination as a whole is distinguishable from the prior art." (*Id.* at 36). Following this lengthy examination, the Court found no new factual issues. (*See id.* at 36, 39, 40, 43, 44, 45, 47, 50, 53, 59, 63, 65, 67). Thus, the Court granted ApplyYourself's motion for summary judgment. CollegeNET's extensive discussion of the *Graham* secondary factors, its "parts" lists approach, and its erroneous use of hindsight in the obviousness analysis are irrelevant to this Court's Order and, thus, are not a source of clear error leading to "manifest injustice."

In addition, CollegeNET contends that the Court employed the "wrong legal standards" in reaching its conclusion. (Pl.'s Mem. at 4). CollegeNET engages in a lengthy discussion of the law of collateral estoppel, citing much of the same authority from its original Opposition, and erroneously concludes that "there is no collateral estoppel unless the claims are substantively the same." (*Id.* at 7).

CollegeNET next suggests that the Court's use of the heading "Additional Elements Substantively Different" somehow implies that the Court committed clear error. (Order at 32). On the contrary, CollegeNET's analysis muddles the basic tenet of collateral estoppel, namely, precluding a party from relitigating identical *issues*. See Bourns, Inc. v. United States, 537 F.2d 486, 493 (Ct. Cl. 1976). Here, the Court's heading refers to differences in *claim language*, not

differences in *issues presented* between the invalid claims and the unadjudicated claims. Thus, the Court correctly followed the methodology set forth in *Westwood* and *Bourns*, and later adopted by the Federal Circuit in *Interconnect*, in determining whether the *issues* presented in the two sets of claims are substantially the same, or if the differences in the claim language, when viewed with the rest of the claims as a whole, raise new factual issues. *Westwood Chem., Inc. v. United States*, 525 F.2d 1367, 1375 (Ct. Cl. 1975); *Bourns*, 537 F.2d at 493; *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132 (Fed. Cir. 1985). (*See also* Order at 36). The Court concluded that the unadjudicated claims of the '042 patent did not present new factual issues and, thus, were invalid based on collateral estoppel. Accordingly, the Court employed the correct legal standards, and CollegeNET's bald assertions to the contrary fail to demonstrate that the Court committed clear error.

### C. There Has Not Been a Change in the Applicable Controlling Authority

CollegeNET's Table of Authorities blossomed to include twenty-eight additional cases. Not one of these cases, however, was decided after the parties filed their summary judgment briefs. Accordingly, CollegeNET does not—because it cannot—identify a change in the controlling authority in this area of the law.

In addition, CollegeNET recycles ten cases that it argued at length before, providing "additional analysis" that it contends the Court "did not rely on or in its opinion address." (Pl.'s Mem. at 10). As a threshold matter, CollegeNET should be estopped from offering this "additional analysis," as it waived its right to do so when it failed to make these arguments before. The Court should also reject CollegeNET's "additional analysis" because it relies on authority that the Court has already considered. In short, the *Bourns*, *Westwood*, and *Interconnect* cases remain the controlling authority on collateral estoppel.

/////

/////

**IV.** **CONCLUSION**

For the reasons stated above, ApplyYourself respectfully requests that this Court deny CollegeNET's Motion for Reconsideration and promptly enter final judgment in this case.

DATED: February 3, 2009

        Respectfully submitted,

         /s/ Kathleen C. Bricken
J. Michael Jakes
Robert F. Shaffer
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
Counsel *pro hac vice* for Defendant
  ApplyYourself, Inc.

Kathleen C. Bricken, OSB #942660
kbricken@gsblaw.com
Garvey Schubert Barer
121 SW Morrison Street, 11th Floor
Portland, Oregon 97204-3141
Telephone: (503) 228-3939
Facsimile: (503) 226-0259
Attorneys for Defendant
  ApplyYourself, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2009 a true and correct copy of the foregoing **APPLYYOURSELF, INC.'S OPPOSITION TO COLLEGENET'S MOTION TO RECONSIDER COLLATERAL ESTOPPEL RULING** was served upon the following attorney pursuant to LR 100.7:

>Scott Davis
>John D. Vandenberg
>Michael Zachary
>KLARQUIST SPARKMAN, LLP
>One World Trade Center
>121 SW Salmon Street, Suite 1600
>Portland, Oregon  97204

/s/ Kathleen C. Bricken
Kathleen C. Bricken, OSB #942660
Of Attorneys for ApplyYourself, Inc.

PDX_DOCS:426792.1 [34610-00100]