**Scott E. Davis, OSB No. 022883**
scott.davis@klarquist.com
**John Vandenberg, OSB 893755**
john.vandenberg@klarquist.com
**Michael N. Zachary, OSB No.041201**
michael.zachary@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street Suite 1600
Portland, OR 97204
Telephone: 503.595.5300
Facsimile: 503.595.5301

**Susan E. Foster** (admitted pro hac vice)
sfoster@perkinscoie.com
**Scott D. Eads, OSB No. 910400**
seads@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff CollegeNET, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.**,<br><br>        Plaintiff,<br><br>  v.<br><br>**APPLYYOURSELF, INC.,**<br><br>        Defendant. | No. 02-cv-484-HU (LEAD CASE)<br>       02-cv-1359-HU<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON COLLATERAL ESTOPPEL AND TO ENTER CONSENT JUDGMENT IN ITS CURRENT FORM**<br><br>By Plaintiff CollegeNET, Inc.<br>Pursuant to Fed. R. Civ. P. 54(b) |

MEMORANDUM IN SUPPORT OF MOTION TO
VACATE INTERLOCUTORY ORDER AND
ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. THE STANDARD FOR VACATUR OF INTERLOCUTORY ORDERS ...................... 1

III. BACKGROUND ................................................................................................... 2

    A. The *CollegeNET v. ApplyYourself* Cases Pending in This Court .......................... 3

    B. The *CollegeNET v. ApplyYourself* Case Pending Before Judge Brown ................ 3

    C. The *CollegeNET v. Xap* Case Pending Before Judge Brown ............................... 4

    D. The *CollegeNET v. ApplicationsOnline* Case Pending Before Judge Brown ........ 5

    E. After the Xap Settlement, Judge Brown Encouraged CollegeNET and the Other Defendants to Attempt to Settle the Four Remaining Cases: CollegeNET and ApplyYourself Succeeded in Reaching a Conditional Settlement of Three of Them ................................................................................. 5

IV. ARGUMENT ......................................................................................................... 6

    A. Overview ............................................................................................................ 6

    B. AOL's Opposition to Vacatur Rests Upon the Convoluted Notion that Judge Brown Must Decide the Collateral Estoppel Effect of Her Own Judgment Based Upon an Unreviewed Interlocutory Order of this Court Which is Itself Premised Upon Judge Brown's Judgment .................................... 7

    C. Judge Brown Must Make Her Own Independent Determination on the Collateral Estoppel Question in the *CollegeNET v. AOL* Case Regardless Whether the Interlocutory Ruling is Vacated ....................................................... 8

    D. The Survival of the Xap Judgment Upon Which This Court's Interlocutory Order is Based is in Substantial Doubt ................................................................ 8

    E. Relevant Case Authority Strongly Supports Vacatur on These Facts ................. 11

V. CONCLUSION .................................................................................................... 12

i- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT

43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF AUTHORITIES

**Page**

Cases:

*American Games, Inc. v. Trade Products, Inc.*,
  142 F.3d 1164 (9th Cir. 1998) .................................................................................. 2
*Dana III v. E.S. Originals, Inc.*,
  342 F.3d 1320 (Fed. Cir. 2003) ................................................................................ 11
*Davis, Cowell & Bowe, LLP v. Social Security Admin.*,
  281 F. Supp. 1154 (N.D. Cal. 2003) .................................................................. 2, 12
*De La O v. Arnold Williams*,
  2008 WL 4192033 (E.D. Wa. 2008) ................................................................. 1, 12
*In re Napster, Inc. Copyright Litigation*,
  2007 WL 844551 (N.D. Cal. 2006) ............................................................... 1, 2, 12
*Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc.*,
  150 F.3d 149 (2nd Cir. 1998) .................................................................................. 12
*Persistence Software, Inc. v. The Object People, Inc.*,
  200 F.R.D. 626 (N.D. Cal. 2001) ........................................................................ 2, 11
*United States Gypsum Co. v. Pacific Award Metals, Inc.*,
  2008 WL 1825705 (N.D. Cal. 2006) ................................................................. 1, 12

Regulations and Rules:

Federal Rule of Civil Procedure 54(b) ............................................................................ 1, 2
Federal Rule of Civil Procedure Rule 60(b) ...................................................................... 2

ii- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## I.  INTRODUCTION

In October 2008, this Court entered an Order granting Defendant's Motion for Summary Judgment of Invalidity Based on Collateral Estoppel ("the Interlocutory Order").  [Dkt No. 697].  The Interlocutory Order derives from the final judgment in another case *CollegeNET, Inc. v. Xap Corporation*, Civ. No. 3:03-CV-1229-BR ("the Xap Judgment"), which holds several claims of CollegeNET's U.S. Patent No. 6,460,042 ("the '042 patent") to be invalid.  The Interlocutory Order extended the Xap Judgment to hold additional asserted claims of the '042 patent invalid based on the doctrine of collateral estoppel.  In this Motion, CollegeNET respectfully requests the Court to exercise its equitable power to vacate the Interlocutory Order.  After years of arduous litigation, the equities strongly favor allowing the Parties to settle this case, thereby forfeiting their rights of appeal, without the potential for unfair and prejudicial collateral estoppel effects of an unreviewed interlocutory ruling.

## II.  THE STANDARD FOR VACATUR OF INTERLOCUTORY ORDERS

This Court's authority to vacate the Interlocutory Order is found in Federal Rule of Civil Procedure 54(b), which states:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See also De La O v. Arnold Williams*, 2008 WL 4192033, *1 (E.D. Wa. 2008) (vacating partial summary judgment order); *In re Napster, Inc. Copyright Litigation*, 2007 WL 844551 (N.D. Cal. 2006) (vacating interlocutory order); *United States Gypsum Co. v. Pacific Award Metals, Inc.*, 2008 WL 1825705, *1 (N.D. Cal. 2006) (vacating partial summary judgment order pursuant to Fed. R. Civ. P. 54(b)).

"A court has *complete power* over interlocutory orders made therein and has authority to revise them when it is consonant with equity to do so." *De La O*, 2008 WL 4192033, *1 (emphasis added) (internal quotation marks omitted).  A finding of exceptional circumstances is

1- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

not required for a court to vacate its own interlocutory order. *Davis, Cowell & Bowe, LLP v. Social Security Admin.*, 281 F. Supp. 1154, 1156 (N.D. Cal. 2003) (vacating partial summary judgment order). The standard for granting a motion to vacate an interlocutory order under Rule 54(b) is more relaxed than that applicable to vacatur of a final judgment under Rule 60(b). *Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) (vacating summary judgment of patent invalidity in light of complete settlement of case and defendant's non-opposition to the vacatur).[1]

### III. BACKGROUND

CollegeNET has five patent cases pending against direct competitors. The first of these cases was filed in 2002 and the last was filed earlier this year. Infringement verdicts have been entered against the defendants in the three cases that have gone to trial. CollegeNET believes that if litigation were to continue, it would prevail against all the defendants. However, with Judge Brown's encouragement, CollegeNET and defendants Xap and ApplyYourself have succeeded in reaching conditional settlements of four of the five cases, including the two cases against ApplyYourself pending in this Court. One of the conditions of each of these settlements is the entry of a consent judgment affirming that CollegeNET's '042 patent is valid and enforceable.

Another defendant, ApplicationsOnline, LLC, has moved to intervene in the Xap and ApplyYourself cases seeking to disrupt these settlement agreements. In this case, AOL has argued that the consent judgment should be treated as a Motion to Vacate (which AOL asserts should be denied). AOL also argues that the consent judgment should be modified to ensure that it will not interfere with the alleged collateral estoppel effect of the Interlocutory Order. In order

---

[1] Rule 60 applies only to final judgments and is inapplicable to interlocutory orders. Some courts considering vacatur of interlocutory orders, like *In re Napster* and *Davis, Cowell & Bowe*, cite to *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164 (9th Cir. 1998), a case dealing with vacatur of a final judgment, for the equitable balancing test set forth there. As Rule 54(b) also looks at equitable factors, reference to such cases may be appropriate although it must be recognized that district courts have even greater discretion to vacate an interlocutory order under Rule 54(b). *See, e.g., Persistence Software*, 200 F.R.D. at 627.

2- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

to avoid any ambiguity and to provide a clear record, CollegeNET is filing this motion to request that the Consent Judgment be entered in its current form and to directly address the issue of vacatur.

### A. The *CollegeNET v. ApplyYourself* Cases Pending in This Court

The first of the two consolidated cases in the instant action was filed more than seven years ago. The Court has presided over discovery disputes, claim construction hearings, summary judgment hearings, and a jury trial. The jury entered infringement verdicts against ApplyYourself on the '042 patent and on U.S. Patent No. 6,345,278 ("the '278 patent"), and awarded damages to CollegeNET for those infringements. This Court subsequently entered the Interlocutory Order holding all asserted claims of the '042 patent to be invalid based on the doctrine of collateral estoppel. The Interlocutory Order derives from, and extends, the final judgment in the *CollegeNET v. Xap* case which held a subset of the '042 patent claims asserted in this case to be invalid. CollegeNET and ApplyYourself have since agreed to settle this consolidated action under terms which include a $4 million payment to CollegeNET in exchange for, *inter alia*, dismissal of all three cases against ApplyYourself and CollegeNET's covenant not to sue ApplyYourself for infringement of the '042 patent or its progeny. This settlement is conditioned upon entry of a consent judgment providing that the claims of the '042 patent are not invalid or unenforceable. (A copy of the Settlement Agreement is attached as Exhibit A to the accompanying Declaration of Scott D. Eads ("the Eads Declaration")). Entry of a modified consent judgment without the agreed validity consent, as proposed by AOL, would be in violation of the settlement agreement and would vitiate the settlement.

### B. The *CollegeNET v. ApplyYourself* Case Pending Before Judge Brown

In February 2009, CollegeNET filed a new suit against ApplyYourself alleging infringement of U.S. Patent No. 7,376,891 ("the '891 patent"), an offspring of the '042 patent that issued on May 20, 2008. This new case, which is pending before Judge Brown, is included in

3- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

the conditional settlement agreement referenced in III.A. above. The comprehensive settlement agreement provides that after this Court enters the agreed consent judgment for the instant cases, CollegeNET will file an amended complaint in the case pending before Judge Brown adding a claim for infringement of the '042 Reexamination Certificate.[2] The parties to Judge Brown's case will then file a consent judgment in that case wherein ApplyYourself consents to the validity and enforceability of the '891 patent and the '042 Reexamination Certificate.

C.     The *CollegeNET v. Xap* Case Pending Before Judge Brown

The *CollegeNET v. Xap* case, filed in 2003, has had at least as complex a history as the *CollegeNET v. ApplyYourself* action pending before this Court, encompassing considerable motion practice, two bench trials and a jury trial. The jury entered a verdict finding that (1) Xap infringed the '278 patent and that CollegeNET is entitled to $4 million in damages for that infringement; (2) 11 asserted claims of the '042 patent are invalid; and (3) Xap engaged in false advertising and CollegeNET is entitled to $4.5 million in damages for Xap's tortious conduct. Judge Brown later awarded CollegeNET its reasonable attorneys' fees on the false advertising claim due to the exceptional nature of the case. In October 2008, after CollegeNET prevailed in a bench trial on the issue of alleged inequitable conduct, Judge Brown entered final judgment. After filing JMOL and new trial motions challenging virtually every aspect of that judgment, Xap and CollegeNET entered into mediation and reached a settlement. Under that settlement agreement, Xap will pay $7.125 million to CollegeNET, over time, in exchange for releases and a license to practice CollegeNET's patented technology. The settlement is conditioned upon vacatur of the final judgment and entry of an agreed consent judgment, reflecting the parties' abandonment of their rights to appeal. (A copy of CollegeNET's and Xap's Joint Memorandum

---

[2] After the Xap jury entered its invalidity verdict, the U.S. Patent & Trademark Office issued its decision in the reexamination of the '042 patent upholding the patentability of claims of that patent. The '042 Reexamination Certificate, which issued on April 8, 2008, includes a number of new and amended patent claims that were not addressed by this Court's Interlocutory Order.

4- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

in Support of Motion to Vacate the Final Judgment is attached as Exhibit B to the Eads Declaration).

### D. The *CollegeNET v. ApplicationsOnline* Case Pending Before Judge Brown[3]

CollegeNET filed suit against ApplicationsOnline ("AOL") in August 2005, alleging infringement of the '042 patent. As discussed immediately below, recent efforts to settle this case through mediation were unsuccessful. After the settlement attempt failed, CollegeNET filed an amended complaint against AOL adding claims for infringement of the '042 Reexamination Certificate and the '891 patent, and for fraudulent conveyance against AOL owner, Joshua Reiter. The latter claim relates to a substantial sum of money that Mr. Reiter wrongfully diverted from the corporate entity to his personal account after CollegeNET filed suit against AOL.

### E. After the Xap Settlement, Judge Brown Encouraged CollegeNET and the Other Defendants to Attempt to Settle the Four Remaining Cases:  CollegeNET and ApplyYourself Succeeded in Reaching a Conditional Settlement of Three of Them

After CollegeNET and Xap announced the conditional settlement of their case in November 2008, Judge Brown strongly encouraged CollegeNET and the other defendants to attempt to settle the four cases pending between them. CollegeNET took Judge Brown's suggestion to heart and immediately set about scheduling mediations with ApplyYourself and AOL. After two mediations with two different mediators, CollegeNET and ApplyYourself succeeded in reaching a conditional settlement of the three cases pending between them, as described above. However, mediation with defendant AOL failed to produce a settlement in the sole remaining case. In the aftermath of this failure, AOL has filed motions to intervene in both this and the Xap case in an effort to derail CollegeNET's settlements with Xap and ApplyYourself. CollegeNET believes that AOL's contentions regarding its purported ability to block these settlements figured importantly in the failure of the April mediation between CollegeNET and AOL.

---

[3] The Common Application, Inc. is also named as a defendant in this case.

5- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## IV. ARGUMENT

### A. Overview

After seven years of hard-fought litigation, CollegeNET and ApplyYourself have reached a comprehensive settlement agreement that would fully resolve the three ongoing patent cases between them. By virtue of this settlement, the Parties are abandoning their rights to appeal issues decided against them, including, in CollegeNET's case, the Interlocutory Order which holds all asserted claims of the '042 patent to be invalid based on the doctrine of collateral estoppel. The settlement is conditioned upon entry of a consent judgment which provides that the '042 patent is not invalid or unenforceable.[4] Absent entry of such a consent judgment, the settlement will fail and the case undoubtedly will go up on appeal to the Federal Circuit, wasting the parties' settlement efforts and frustrating their mutual intent to be done with the litigation. If CollegeNET is successful on appeal, the case would then be sent back to this Court for further discovery, motion practice and trial at considerable expense to both parties. Similarly, the related case pending before Judge Brown alleging infringement of the '891 patent would move forward through discovery and to trial.

Defendant AOL has moved to intervene in this case seeking to block the Parties' settlement. AOL argues that the proposed consent judgment amounts to a motion to vacate the Interlocutory Order and that the equities weigh against vacatur since AOL wants to rely on that order to defend CollegeNET's infringement charge on the '042 patent in the case pending before Judge Brown. *AOL has it exactly backwards*. The equities militate strongly against allowing AOL to derail the comprehensive settlement of three pending cases so that it can attempt to use an unreviewed interlocutory order to avoid having to put on its own defense.

---

[4] A separate consent judgment in the case pending before Judge Brown would also provide, *inter alia*, that the '042 Reexamination Certificate and the '891 patent are not invalid or unenforceable. As discussed in III.B above, CollegeNET has asserted those patents in a related case against ApplyYourself and The Common Application that is pending before Judge Brown, which case also is encompassed by the conditional settlement agreement.

6- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Technically, AOL is also wrong because a motion to enter a consent judgment is not the same as a motion to vacate. CollegeNET did intend the consent judgment to negate any collateral estoppel effect of the Interlocutory Order. To avoid any possible ambiguity on that point, and particularly in view of AOL's request that this Court enter a modified "consent" judgment, CollegeNET now respectfully moves the Court to vacate the Interlocutory Order.[5]

**B.     AOL's Opposition to Vacatur Rests Upon the Convoluted Notion that Judge Brown Must Decide the Collateral Estoppel Effect of Her Own Judgment Based Upon an Unreviewed Interlocutory Order of this Court Which is Itself Premised Upon Judge Brown's Judgment**

AOL's campaign to block the settlement of four pending cases is driven entirely by its desire to use the Interlocutory Order of this Court to collaterally estop CollegeNET from asserting infringement of the '042 patent against AOL in Judge Brown's court. Although CollegeNET disagrees with AOL's conclusion, its argument does not sound facially unreasonable until one stops to consider that this Court's Interlocutory Order is itself premised upon the judgment that <u>Judge Brown</u> entered in the Xap case. Judge Brown is in the best position to determine the collateral estoppel effect that should be given to her own Xap Judgment, if indeed she does not vacate the judgment as the parties to that case have jointly requested. Presumably, Judge Brown need not refer to an unreviewed interlocutory ruling of this Court to determine the preclusive impact in the AOL case of a judgment that she entered in the Xap case. Moreover, even if this Court decides to vacate its Interlocutory Order, AOL remains free to argue to Judge Brown that the Xap Judgment collaterally estops CollegeNET from asserting the '042 patent against it. Likewise, even if the Interlocutory Order is vacated, Judge Brown would remain free to consult this Court's written opinion on the subject and to follow it or not as she sees fit. On these facts, the destruction of a settlement agreement fully resolving three ongoing patent cases is too high a price to pay for preserving an unreviewed interlocutory order

---

[5] In CollegeNET's view, a "modified consent judgment" is a contradiction in terms because the Parties have not consented to AOL's proposed modifications.

7- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

that is unnecessary to any eventual decision by Judge Brown on the issue of collateral estoppel. AOL's self-interested desire to avoid having to put on its own defense is insufficient reason to reach such a convoluted and expensive result.

C. **Judge Brown Must Make Her Own Independent Determination on the Collateral Estoppel Question in the *CollegeNET v. AOL* Case Regardless Whether the Interlocutory Ruling is Vacated**

CollegeNET has asserted claims of the '042 Reexamination Certificate and the '891 patent against defendant AOL in the *CollegeNET v. AOL* case (see discussion *supra* at 5). None of these patent claims is addressed by this Court's Interlocutory Order. Accordingly, preserving the Interlocutory Order offers little in the way of judicial efficiency because, if she decides not to vacate the Xap Judgment, Judge Brown will of necessity be required in the AOL case to determine the alleged collateral estoppel effect of that judgment on the asserted '891 and '042 Reexamination patent claims which fall outside the scope of this Court's Interlocutory Order.

D. **The Survival of the Xap Judgment Upon Which This Court's Interlocutory Order is Based is in Substantial Doubt**

AOL's intention to rely on the Interlocutory Order to defend infringement of the '042 patent is further undermined by the substantial doubt that exists concerning the survival in unmodified form of the Xap Judgment upon which the Interlocutory Order is based. In denying the parties' JMOL motions during trial of the Xap case, Judge Brown commented as follows concerning her very considerable uncertainties about the merits of the case:

> The number of issues being raised in these motions for judgment as a matter of law feasibly make it impossible for the Court to give . . . careful consideration to an analytical view of the evidence.
>
> I suspect, to the extent an aggrieved party wishes to challenge these matters post-verdict, the parties will have the opportunity to give me that analytical review of the record by citing to me the evidence the proponent of a particular assertion can point to in the record.
>
> There have been so many issues litigated in this trial, at the election of the parties, that the Court simply is not able to synthesize all of the evidence presented to this

8-  MEMORANDUM IN SUPPORT OF MOTION TO
    VACATE INTERLOCUTORY ORDER AND
    ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

> point, and articulate a cogent summary of each grouping of evidence that supports each claim.
>
> To the extent I'm wrong, and there is not a factual basis on which to submit any one of the questions on the special verdict to the jury, I'm doing so under the rule. And I will reconsider that submission to the extent an aggrieved party asks me to, post-verdict.
>
> . . . .
>
> I'm denying the motions, perhaps not with as fully informed an understanding of the intricacies of all your theories as would be ideal, but with one that I believe is necessary at this stage.

(Eads Decl., Ex. C, Tr. at 1810-11).

Consistent with the doubts expressed by Judge Brown, the parties to the Xap case filed JMOL and new trial motions challenging virtually every aspect of the Xap Judgment, and they agree that these post-trial motions raise substantial issues for Judge Brown's consideration.[6] (Eads Decl., Ex. B at p. 4). With their conditional settlement now executed, CollegeNET and Xap recently filed a joint motion to vacate the Xap Judgment which is pending. (Eads Decl., Ex. B). If Judge Brown decides to vacate the Xap Judgment, this Court's Interlocutory Order will have no underlying basis and necessarily will have to be vacated.[7] If, on the other hand, Judge Brown decides against vacatur, the Xap settlement will be void and the parties will complete briefing on the post-trial motions on the road to an inevitable appeal to the Federal Circuit Court of Appeals. In that case, substantial doubt exists whether the Xap Judgment upon which this Court's Interlocutory Order is based will survive in its present form. The point is that

---

[6] Judge Brown suspended further briefing on these post-trial motions to allow CollegeNET, Xap and the defendants in the other cases time to attempt to settle all of the outstanding litigation. As discussed, the parties succeeding in settling all but one of the five cases, with the AOL case being the sole hold-out.

[7] The fact that vacatur of the Xap Judgment will mandate vacatur of the Interlocutory Order provides the chief basis for CollegeNET's concurrently filed Motion to Stay. Because a decision by Judge Brown to vacate the Xap Judgment will destroy the foundation for this Court's Interlocutory Order, CollegeNET believes that judicial efficiency will best be served by staying or holding in abeyance further actions in this case until after Judge Brown rules on the parties' joint vacatur motion in the Xap case.

9- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

defendant AOL should focus its energy on the Xap Judgment itself, not on an unreviewed interlocutory ruling that is derivative of the Xap Judgment--which judgment is the original *source* of any asserted issue preclusion.

Judge Brown's doubts about the Xap Judgment, and specifically the invalidity verdict on the asserted '042 patent claims, were compounded by the decision of the United States Patent & Trademark Office ("USPTO")--*after the Xap jury verdict*--to confirm the patentability of claims of the '042 patent. (*See* Judge Brown comments in excerpt of transcript from inequitable conduct bench trial, attached as Ex. D to the Eads Declaration). That the USPTO decided to confirm patentability of the '042 patent claims with a full view of all the prior art presented to the Xap jury raises substantial questions concerning the correctness of the jury verdict. (*See* '042 Reexamination Certificate, attached as Ex. E to the Eads Decl.)

Moreover, Judge Brown entered findings of fact after the jury trial that tend to directly undermine the jury's invalidity verdict on the '042 patent. In particular, Judge Brown found that Xap had failed to carry its burden of proving that CollegeNET's "ApplyWeb I" system met the threshold requirements to qualify as "prior art." (*See* excerpt of Judge Brown's Verdict, Findings of Fact, and Conclusions of Law dated October 1, 2008, denying Xap's inequitable conduct claim, attached as Ex. F to the Eads Decl.) ("[T]he Court concludes the alleged prior art that [Xap expert] Frederiksen relies on was still being tested, had not been perfected, and was not in public use in ApplyWeb I . . . before the critical date."). Xap's failure to establish ApplyWeb I as "prior art," in the eyes of Judge Brown, undermines a key basis for the jury's invalidity verdict on the '042 patent and increases the likelihood that either Judge Brown or the Federal Circuit will set aside the verdict on that patent.

Once again, with the many substantial questions swirling around the underlying Xap Judgment, AOL's effort to destroy the conditional settlements of three lawsuits so that it can rely on an unreviewed Interlocutory Order that *derives from* that underlying Xap Judgment should be rejected. If the Xap Judgment is not vacated and survives post-trial review, AOL can argue

10- MEMORANDUM IN SUPPORT OF MOTION TO
VACATE INTERLOCUTORY ORDER AND
ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

directly to Judge Brown that her Xap Judgment should bar CollegeNET's infringement claim against AOL on the '042 patent. Judge Brown need not be *bound* by the derivative order of this Court to decide that question—as AOL would argue. The havoc AOL would wreak in its effort to destroy the conditional settlements is simply not justified by any countervailing need to preserve the Interlocutory Order to assist Judge Brown in her decision-making process relating to AOL's preclusion defense.

E.   Relevant Case Authority Strongly Supports Vacatur on These Facts

In a similar case, the Northern District of California decided to vacate a summary judgment order of patent invalidity specifically to avoid any unfair preclusive effect of the order in future actions against third parties for patent infringement. *Persistence Software*, 200 F.R.D. at 626-627. The court there was influenced by the facts that there were questions with respect to the underlying judgment, that the parties had completely settled the case (as well as a companion case), and the defendant did not oppose plaintiff's vacatur motion. The same facts exist here. There are questions going to the underlying Xap Judgment, the Parties have conditionally settled both cases pending in this Court and a related case pending before Judge Brown, and ApplyYourself has taken no position on CollegeNET's motion.

The equitable benefits of allowing parties to a patent litigation to determine the collateral estoppel effect of a court order can often outweigh competing concerns. *See, e.g., Dana III v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328-1329 (Fed. Cir. 2003) (concurring opinion) ("It can be argued that the strong public interest in settlement of patent litigation would be served by allowing the parties to a settlement at the district court level to determine the collateral estoppel effect of earlier orders in the litigation." (internal citations and quote marks omitted)). Courts also have ruled that the fact that vacatur may leave determination of the validity of an intellectual property right to some future court is insufficient reason to deny vacatur of an unreviewed interlocutory order. *See, e.g., Major League Baseball Properties, Inc. v. Pacific Trading Cards, Inc.*, 150 F.3d 149, 151 (2nd Cir. 1998) (vacating order denying preliminary injunction in

11- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

trademark case where "[t]he only damage to the public interest from . . . vacatur would be that the validity of [plaintiff's] marks would be left to future litigation"). Indeed, on facts like these, district courts in the 9th Circuit have routinely granted motions to vacate interlocutory rulings. *See, e.g., U.S. Gypsum*, 2006 WL 1825705 (vacating claim construction and summary judgment orders); *In re Napster*, 2007 WL 844551 (vacating interlocutory order); *De La O*, 2008 WL 4192033 (vacating partial summary judgment orders); *Davis, Cowell & Bowe*, 281 F. Supp.2d 1154, 1155-56 (vacating summary judgment order).

## V.   CONCLUSION

The Parties' settlement attempted to control the collateral estoppel effect of this Court's Interlocutory Order by agreeing on a consent judgment which provides that CollegeNET's '042 patent is not invalid. Would-be intervenor AOL is attempting to thwart the parties' intentions, and destroy their settlement, by seeking an order that would strike the recitation in the agreed consent judgment concerning the validity of the '042 patent, or by obtaining other language designed to preserve potential preclusive effect of the Interlocutory Order. AOL's effort to eliminate the recitation concerning patent validity would cut away a basic premise for the settlement, which is to provide a license to the '042 patent. Without the consent of non-invalidity, there is no basis for the license which undergirds the settlement. CollegeNET, therefore, respectfully requests that the Court eliminate any ambiguity by vacating the Interlocutory Order and entering the consent judgment <u>in</u> <u>its</u> <u>agreed</u> <u>form</u> without any of the

12- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

modifications sought by AOL and without any language intended to preserve potential preclusive effect of the Interlocutory Order.

DATED: May 11, 2009.

Respectfully submitted,

**PERKINS COIE LLP**

 /s/ Scott D. Eads
Scott D. Eads, OSB No. 91040
1120 N.W. Couch St. 10th Floor
Portland, Oregon 97209-4128
Telephone:  503-727-2000
Facsimile: 503-727-2222

Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
Michael N. Zachary, OSB No.041201
michael.zachary@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street Suite 1600
Portland, OR 97204
Telephone: 503.595.5300
Facsimile: 503.595.5301

Attorneys for Plaintiff CollegeNET, Inc.

13- MEMORANDUM IN SUPPORT OF MOTION TO VACATE INTERLOCUTORY ORDER AND ENTER CONSENT JUDGMENT
43081-0004/LEGAL16143166.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222