**Scott E. Davis, OSB No. 022883**
scott.davis@klarquist.com
**John Vandenberg, OSB 893755**
john.vandenberg@klarquist.com
**Michael N. Zachary, OSB No.041201**
michael.zachary@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street Suite 1600
Portland, OR 97204
Telephone: 503.595.5300
Facsimile: 503.595.5301

**Susan E. Foster** (admitted pro hac vice)
sfoster@perkinscoie.com
**Scott D. Eads, OSB No. 910400**
seads@perkinscoie.com
**PERKINS COIE LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff CollegeNET, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.**,<br><br>   Plaintiff,<br><br> v.<br><br>**APPLYYOURSELF, INC.**,<br><br>   Defendant. | No. 02-cv-484-HU (LEAD CASE)<br>  02-cv-1359-HU<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED RENEWED MOTION TO VACATE INTERLOCUTORY ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON COLLATERAL ESTOPPEL AND TO ENTER AGREED CONSENT JUDGMENT**<br><br>By Plaintiff CollegeNET, Inc.<br>Pursuant to Fed. R. Civ. P. 54(b) and 60(b)(5) |

1- MEMORANDUM IN SUPPORT OF UNOPPOSED RENEWED MOTION TO VACATE AND TO ENTER AGREED CONSENT JUDGMENT
43081-0016/LEGAL16351536.1

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## I.  INTRODUCTION

On May 11, 2009, CollegeNET filed an unopposed motion to vacate this Court's Order granting Defendant's Motion for Summary Judgment of Invalidity Based on Collateral Estoppel ("the Interlocutory Order") [Dkt. No. 697].[1]  The Interlocutory Order was based upon the final judgment in another case *CollegeNET, Inc. v. Xap Corporation*, Civ. No. 3:03-CV-1229-BR ("the Xap Judgment"), which held several claims of CollegeNET's U.S. Patent No. 6,460,042 ("the '042 patent") to be invalid.  The Interlocutory Order extended the Xap Judgment to hold additional asserted claims of the '042 patent invalid based on the doctrine of collateral estoppel.

On May 18, 2009, the Court issued an order denying CollegeNET's Motion to Vacate, but granting CollegeNET leave to renew its motion after the Court ruled on non-party AOL's motion to intervene in the case.  [Dkt. Nos. 528, 736].  The Court issued an Opinion and Order denying AOL's motion to intervene on May 28, 2009.  [Dkt. Nos. 530, 738].  Significantly, Judge Brown issued an Order <u>vacating</u> the underlying Xap Judgment on June 9, 2009.  (*See* June 9, 2009 Opinion and Order attached as Exhibit A to the Declaration of Scott D. Eads).

Judge Brown's Order vacating the Xap Judgment eliminates the underlying basis for the Interlocutory Order.  Consequently, CollegeNET respectfully renews its Motion to Vacate on the additional grounds that Rule 60(b)(5) of the Federal Rules of Civil Procedure requires vacatur.

## II.  DISCUSSION

The case for vacatur of the Interlocutory Order under Rule 60(b)(5) is clear cut.  As this Court observed in its Order denying AOL's motion to intervene, "it seems clear that the [collateral estoppel] issues about which AOL wishes to argue, begin and end with the vitality of the Judgment in the Xap case." [Dkt. No. 530 at 6].  The Court expanded on this subject as follows:

---

[1] CollegeNET's pleadings filed in support of its original motion to vacate are incorporated herein by reference.  [*See* Dkt. Nos. 521, 522, 525, 527, 729, 730, 733, 735].

2- MEMORANDUM IN SUPPORT OF UNOPPOSED RENEWED MOTION TO VACATE AND TO ENTER AGREED CONSENT JUDGMENT
43081-0016/LEGAL16351536.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

The parties in this case then reached a settlement before AOL moved to intervene. What AOL has, at most, is an "evanescent hope" that the rulings of this Court will ripen into a final judgment which could be upheld on appeal. But, the value, if any of this hope, is found in ***the basis for my October 28, 2008 summary judgment opinion which is the Judgment entered by Judge Brown***, following the jury verdict, in the XAP case. It is on that Judgment that AOL should focus, not on the summary judgment ruling in this case. (*Id*.) (emphasis added).

The italicized language says it all. The Xap Judgment was the basis for the Interlocutory Order. The Xap Judgment has now been vacated, eliminating that basis. Consequently, the Interlocutory Order must also be vacated pursuant to Fed. R. Civ. P. 60(b)(5). *See, e.g., Tomlin v. McDaniel,* 865 F.2d 209, 210-211 (9th Cir. 1989) (Rule 60(b)(5) applies to an order based in the collateral estoppel sense upon a vacated prior judgment); *U.S. v. Cal-Almond*, 2000 WL 340127, *1 (9th Cir. 2000) (order must be vacated where it was based upon a prior judgment that had been vacated).

### III. VACATUR PURSUANT TO FED. R. CIV. P. 60(b)(5)

Rule 60(b)(5) provides that a court may relieve a party from a judgment or order where it "is based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). The Ninth Circuit has explained that Rule 60(b)(5) applies to an order "*based* upon a prior judgment reversed or otherwise vacated - based in the sense of res judicata, or collateral estoppel, or somehow part of the same proceeding." *Tomlin*, 865 F.2d at 210-211 (emphasis in original). Where the order sought to be vacated pursuant to Rule 60(b)(5) is based upon a reversed or vacated judgment, the Ninth Circuit has found failure to vacate to be an abuse of discretion. *See, e.g., California Medical Ass'n. v. Shalala*, 207 F.3d 575, 577-78 (9th Cir. 2000) (reversing for abuse of discretion and remanding where district court denied vacatur of fee award under Rule 60(b)(5) where merits judgment upon which the fee award had been based was reversed); *Cal-Almond*, 2000 WL 340127, *1 (reversing for abuse of discretion and remanding where dismissal order sought to be vacated under Rule 60(b)(5) was "based in the sense of … collateral estoppel" upon a prior judgment that had been vacated) (internal quotation marks and

3- MEMORANDUM IN SUPPORT OF UNOPPOSED RENEWED MOTION TO VACATE AND TO ENTER AGREED CONSENT JUDGMENT
43081-0016/LEGAL16351536.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

citations omitted); *cf.*, *Convergence Corp. v. Videomedia*, 539 F. Supp. 760, 762 n. 1 (N.D. Cal. 1981) (denying stay of proceedings where patent plaintiff seeking to avoid summary judgment ruling of patent invalidity based on collateral estoppel could seek relief from the summary judgment under Rule 60(b)(5) if the underlying invalidity judgment were later reversed by the court of appeals).

## IV.  CONCLUSION

For the foregoing reasons, CollegeNET respectfully requests that the Interlocutory Order [Dkt. No. 697] be vacated and that the Court enter the agreed Consent Judgment submitted by the parties [Dkt. No. 720] in its current form.

DATED: June 10, 2009.                    Respectfully submitted,

**PERKINS COIE LLP**

/s/ Scott D. Eads
Scott D. Eads, OSB No. 91040
1120 N.W. Couch St. 10th Floor
Portland, Oregon 97209-4128
Telephone: 503-727-2000
Facsimile: 503-727-2222

Scott E. Davis, OSB No. 022883
scott.davis@klarquist.com
Michael N. Zachary, OSB No.041201
michael.zachary@klarquist.com
**KLARQUIST SPARKMAN, LLP**
121 S.W. Salmon Street Suite 1600
Portland, OR 97204
Telephone: 503.595.5300
Facsimile: 503.595.5301

Attorneys for Plaintiff CollegeNET, Inc.

4- MEMORANDUM IN SUPPORT OF UNOPPOSED RENEWED MOTION TO VACATE AND TO ENTER AGREED CONSENT JUDGMENT
43081-0016/LEGAL16351536.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222